IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CONNIE MOBLEY, | ) |
| *Plaintiff*, | ) ) ) No. 1:24-cv-2161 (PTG/IDD) |
| v. | ) ) |
| LOGS LEGAL GROUP LLP, | ) ) |
| *Defendant*. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant LOGS Legal Group LLP's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). Dkt. 55. In this matter, Plaintiff Connie L. Mobley, proceeding *pro se*, seeks relief against Defendant, a law firm representing the current beneficiary of a secured interest in Plaintiff's property, in connection with a non-judicial foreclosure of her home in Alexandria, Virginia.[1]

The procedural history of this matter is as follows. On May 27, 2025, this Court granted Defendant's Motion for Judgment on the Pleadings as to Plaintiff's first Complaint on the grounds that Plaintiff had stated neither a plausible claim under the Fair Debt Collection Practices Act ("FDCPA") nor breach of contract under Virginia law. Dkts. 40, 41. The Court permitted Plaintiff leave to file an amended complaint within thirty days of its Memorandum Opinion. Dkt. 40. Plaintiff never filed a timely amended complaint. On August 10, 2025, Defendant filed a motion to dismiss for lack of prosecution. Dkt. 43. On August 13, 2025, during a final pretrial conference

---

[1] The Court incorporates by reference the more fulsome background of this case laid out in its earlier June 20, 2025 Memorandum Opinion. Dkt. 41.

between the Court and the parties, the Court ordered Plaintiff leave to file an amended complaint within fourteen days and denied Defendant's motion to dismiss. Dkt. 47.

On September 3, 2025, Plaintiff filed a "Formal Complaint," which this Court construes as an amended complaint.[2] Dkt. 50 ("Amended Complaint"). Construed liberally, the Amended Complaint raises claims under the Truth and Lending Act ("TILA"), Uniform Commercial Code ("UCC"), FDCPA, and Virginia state law for breach of contract. *Id.* On September 17, 2025, Defendant filed the instant Motion in response to the Amended Complaint. Dkt. 55. The Court issued a *Roseboro* notice advising Plaintiff that she had twenty-one (21) days to file a response to the Motion or, otherwise, the Court could dismiss some or all of her claims on the basis of Defendant's papers.[3] Dkt. 58. To date, Plaintiff has failed to file a response to Defendant's Motions. The Court is obligated "to ensure that dismissal is proper" even when a motion is unopposed. *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). The Court will therefore resolve the Motion on Defendant's papers. For the reasons that follow, the Court will grant Defendant's Motion for Judgment on the Pleadings.

## Legal Standard

Motions for judgment on the pleadings under Rule 12(c) are subject to the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); Fed. R. Civ. P. 12(c), 12(h)(2) ("Failure

---

[2] The Court construes *pro se* filings "liberally" because their filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976) (internal quotations omitted)).

[3] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Although Plaintiff filed a response to Defendant's Motion, her response did not meaningfully respond to Defendant's arguments. *See* Dkt. 12 (requesting discovery information).

to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c).")."). Like 12(b)(6) motions, a Rule 12(c) motion "tests the sufficiency of a complaint" without "resolv[ing] contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When reviewing a Rule 12(c) motion for judgment on the pleadings, the Court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The Court may additionally consider Defendant's answer and documents attached to Defendant's Motion "integral to and explicitly relied on in the complaint." *Aaronson v. CHW Grp.*, No. 1:18-cv-1533 2019 WL 8953349 (E.D. Va. Apr. 15, 2019).

To survive a 12(c) motion, a complaint must assert factual allegations that "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "The Court should not dismiss any count unless it appears beyond doubt that the plaintiff could not recover under any set of facts which could be proven." *Kutsmeda v. Tr. One Mortg. Corp.*, No. 305-cv-518, 2005 WL 3357347, at *2 (E.D. Va. Dec. 9, 2005) (citing *Doby v. Safeway Stores, Inc.*, 523 F. Supp. 1162, 1167 (E.D. Va. 1981)). A court should grant a 12(c) motion when the case can be determined as a matter of law. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

## Discussion

The Amended Complaint, construed liberally, primarily alleges that Defendant has "failed to provide the original 'wet-signature' Promissory NOTE that correspond[s] [sic] with the DEED of TRUST regarding the property," which provides a "legal right in [sic] enforce and collect mortgage payments[.]" Dkt. 50 at 2-3. On these allegations, Plaintiff raises new legal claims

under the UCC and the TILA as well as re-invokes both the FDCPA and a breach of contract claims, albeit with fewer allegations than before. *Id.* The Court agrees with Defendant that Plaintiff has failed to allege sufficient facts to raise any of the four claims and, accordingly, grants judgment on the pleadings.

First, the Court finds that Plaintiff's suggestion that a non-judicial foreclosure requires a wet-signature promissory note runs counter to Virginia law. *See* Dkt. 50 at 1-2; Dkt. 56 at 8. The Amended Complaint bases several claims on the allegation that Defendant "failed to provide the original 'wet-signature' Promissory NOTE . . . that gives then [sic] the legal right to enforce and collect mortgage payments[.]" Dkt. 50 at 1-2. However, both the legislature and judiciary in Virginia have been clear that the "holder of a security deed may foreclose on a property without holding the original, physical promissory note with wet-ink signatures." *Robinson v. Moynihan*, No. 3:21-cv-122, 2021 WL 2346107, at *10 (E.D. Va. June 8, 2021); Va. Code § 55.1-321(B) (permitting foreclosures without physical deed). Accordingly, these allegations are not sufficient to support any legal claims.

Second, assuming that Plaintiff's mention of the UCC references the Virginia UCC, that Code "does not apply to transfers of real property," including foreclosures. *Jones v. Fulton Bank, N.A.*, 565 Fed. Appx. 251, 253 (4th Cir. 2014).

Third, Plaintiff has not stated a plausible claim under TILA against Defendant. At the outset, Plaintiff contends "[t]he mortgage company, SPS Inc. [presumably referring to Select Portfolio Servicing, Inc] is in violation of the [TILA] for failing to provide" information about the security interest transaction and transfer of the security note. Dkt. 50 at 2-3. SPS Inc. is not a party to this matter, nor does this allegation implicate Plaintiff's right to relief against Defendant. To the extent Plaintiff raises a TILA claim against Defendant for failing to provide particular

information about the transfer of the promissory note, that claim also fails because Plaintiff has not alleged Defendant is a "creditor" under TILA. The TILA provision relevant to mortgage-related disclosures states:

> In addition to other disclosures required by [TILA], not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the *creditor that is the new owner or assignee of the debt* shall notify the borrower in writing of such transfer.

15 U.S.C. § 1641(g)(1) (emphasis added). Under TILA, a "creditor" is defined as a person who "regularly extends . . . consumer credit" **and** "is the person to whom the debt arising from the consumer credit transaction is initially payable . . ." *Id.* § 1602(g). Plaintiff has not alleged any facts suggesting that Defendant meets this definition. To the contrary, Defendant LOGS is a law firm. Accordingly, Plaintiff does not state sufficient facts to raise a TILA claim.

Fourth, for the reasons set forth in this Court's prior Memorandum Opinion, Plaintiff's FDCPA and breach of contract claims both fail. Dkt. 41. Plaintiff has alleged no new facts to cure the deficiencies the Court laid out in its prior Opinion. Accordingly, the Court will dismiss Plaintiff's claims with prejudice.

### *Motion to Add Party Defendant Select Portfolio Servicing, Inc.*

Finally, the Court denies Plaintiff's Motion to Add Select Portfolio Servicing, Inc. ("SPS Inc.") as a party defendant, which was filed on November 6, 2025. Dkt. 62. Plaintiff contends that because her claims are "based in part on debt validation in accordance with the [FDCPA]" and SPS Inc. is "the custodian of records" for her mortgage payments, SPS should be added as a party defendant. *Id.* SPS Inc. filed an opposition as a non-party, arguing that "LOGS would be prejudiced by the proposed addition of SPS" given Plaintiff would need to amend the complaint a third time and that "Plaintiff does not assert any new claims against SPS." Dkt. 66. The Court agrees.

Under Fed. R. Civ. P. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The Court may "exercise its sound discretion." *Gilbert v. Gen. Elec. Co.*, 347 F. Supp. 1058, 1059 (E.D. Va. 1972). Plaintiff's request to add SPS Inc. comes after nearly a year of litigation and is, accordingly, delayed. Plaintiff effectively asks this Court for a third opportunity to amend her pleadings, despite having had two prior opportunities to add SPS Inc. Further, the request is moot, given Plaintiff seeks to add SPS Inc. to bolster her FDCPA claims, which—as stated above—cannot succeed on the allegations. Finally, none of Plaintiff's other claims under the UCC, TILA, or breach of contract would succeed against SPS Inc. either, for the same reasons as stated above.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. 55) is **GRANTED**; it is further

**ORDERED** that the Amended Complaint (Dkt. 50) is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's Motion to Add Party Defendant SPS (Dkt. 62) is **DENIED**.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to mail a copy of this order to Plaintiff, who is proceeding *pro se*, and to close this civil action.

Entered this 11th day of March, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge